IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIMET ROTH and ARNOLD ROTH,<br><br>Plaintiffs,<br><br>-against-<br><br>UNITED STATE DEPARTMENT OF STATE,<br><br>Defendant. | Case No. 1:20-cv-03838 |

**PLAINTIFFS' MOTION FOR WAIVER OF LOCAL CIVIL RULES 5.1(c)(1) AND 11.1 AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiffs, by and through their undersigned counsel, hereby move the Court for an order waiving the requirement of Local Civil Rules 5.1(c)(1) and 11.1 that the "full residence address of the party" be included in the caption of the initial pleading and seek approval to substitute with their counsel's business address instead. Plaintiffs have a well-founded concern that disclosure of their residence address in Jerusalem, Israel could subject them to harassment or reprisal because of their efforts, of which this lawsuit is a component, to press for the extradition of an FBI Most Wanted Terrorist from Jordan to the U.S.

In support of this Motion, Plaintiffs state as follows:

1.  This action is brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiffs request Records, within the meaning of FOIA, relating to the bilateral extradition treaty between the U.S. and the Hashemite Kingdom of Jordan ("Jordan"), pursuant to which the U.S. has requested that Jordan extradite Ahlam Aref Ahmad al-Tamimi ("Tamimi") to stand trial for the murder of their 15 year-old daughter, Malka Chana Roth, and another U.S. national, Judith Hayman Greenbaum. Given the serious and high profile nature of this matter,

Plaintiffs fear that disclosure of their residence address could expose them to harassment and reprisal from supporters of Tamimi and/or Hamas.

2. This Court has discretion to waive the requirement of Local Civil Rules 5.1(c)(1) and 11.1 where the circumstances so require. *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 151 (D.D.C. 2011). In considering whether to waive the requirement, this District applies the five-factor balancing test also used to determine whether to allow a plaintiff to proceed anonymously using a pseudonym. *See Yaman*, 786 F. Supp. 2d at 152–53; *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014). The factors are: "(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party[.]" *Cabrera*, 307 F.R.D. at 5.

3. Here, factors one, two, four and five weigh in favor of preserving the confidentiality of Plaintiffs' residence address. First, and most critically, Plaintiffs fear that disclosing their residence address to the public may expose them to direct harassment or retaliation from supporters of Tamimi and/or Hamas. Courts frequently permit plaintiffs to withhold personal information from defendants and the general public or even proceed anonymously where there is a reasonable threat of physical or emotional harm. *See, e.g., Doe v. U.S. Dep't of State*, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) (noting that "protecting [plaintiff] and innocent family members from retaliation" warranted permitting plaintiff to proceed with the action anonymously); *Yaman v. U.S. Dep't. of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011) (permitting mother to file residence address and other identifying information about her minor children under seal and *ex parte* because disclosure of the

information had "the potential to place them at grave risk of physical and emotional harm at the hands of their father").

4. Plaintiffs' concern that harm could result from the disclosure of their residence address, at which they reside with their severely disabled adult daughter, is reasonable. The U.S. Department of Justice seeks to extradite Tamimi to stand trial for "Conspiring to Use and Using a Weapon of Mass Destruction Against a United States National Outside the United States Resulting in Death," in violation of 18 U.S.C. §§ 2332a(a)(1) and (2). If convicted, Tamimi faces life in prison or the death penalty. Despite the seriousness of this charge, as a fugitive from U.S. justice Tamimi has been a popular and high profile media figure in Jordan and elsewhere in the Arab world and has continued to advocate for terrorism. At one point, Jordanian journalism students proclaimed her a "success model."

5. Plaintiffs are engaged in long-standing public advocacy to secure Tamimi's extradition. Plaintiffs seek the agency records at issue in this action as a component of these efforts. Although Plaintiffs' advocacy has included public appearances and written advocacy, they have never released their home address, nor does their name appear on their mailbox. Their telephone numbers are unlisted. They have taken these basic measures to protect their privacy and security given that the target of their extradition efforts is an officially designated FBI Most Wanted Terrorist. Because they do advocate publicly, however, they have frequently been accosted and ridiculed via email and social media and are reasonably concerned that these activities could escalate if their home address was a matter of public record. In addition to their physical well-being, they are reasonably concerned regarding their psychological well-being if, as a cost of filing this FOIA action, their personal residence address would become publicly available. *See generally Cabrera*, 307 F.R.D. at 6 (noting risk of trauma weighs against disclosing plaintiff's identity). Under the first two *Yaman* factors, these interests warrant protection.

6. These interests are all the more compelling under the fourth and fifth *Yaman* factors because Plaintiffs are bringing an action against a government agency. "Where an action is brought against a government entity . . . courts are more likely to allow a plaintiff to proceed anonymously." *Yaman*, 786 F. Supp. 2d at 153. While Plaintiffs do not seek anonymity, by a parity of reasoning the fact that this action is brought against the State Department further justifies redaction of Plaintiffs' home address. The State Department and its counsel will in no way be prejudiced as Plaintiffs will provide their attorneys' business address in lieu of their home address.[1]

7. No prior request for the relief sought herein has been made previously.

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that this Motion be granted and that the Court enter an order waiving the requirements of Local Civil Rules 5.1(c)(1) and 11.1 such that Plaintiffs may substitute their residence address with the business address of their counsel, and for such other and further relief that the Court deems just and proper.

Dated: December 31, 2020

        PROSKAUER ROSE LLP

        /s/ *Guy Brenner*
        Guy Brenner
        D.C. Bar #491964
        1001 Pennsylvania Avenue, NW
        Suite 600 South
        Washington, DC 20004-2533
        d 202.416.6830
        f 202.416.6899
        gbrenner@proskauer.com

---

[1] Plaintiffs would not object to providing the Court or State Department their residence address, so long as that information is kept confidential. It is only the *public* disclosure of their address that is at issue.

PROSKAUER ROSE LLP
Gregg M. Mashberg*
Peter Fishkind*
11 Times Square
New York, NY 10036
d 212.969.3450
f  212.969.2900
gmashberg@proskauer.com
pfishkind@proskauer.com

*Attorneys for Frimet Roth and Arnold Roth*

THE LAWFARE PROJECT
Ziporah Reich*
633 Third Ave. 21st Fl.
New York, NY 10017
d 212.339.6995
ziporah@TheLawfareProj.org

*Attorneys for Frimet Roth and Arnold Roth*

*pro hac vice applications forthcoming*