UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRIMET ROTH and ARNOLD ROTH,   )
                               )
            Plaintiffs,        )
                               )
v.                             )   Civil Action No. 20cv3838 (ABJ)
                               )
UNITED STATES DEPARTMENT       )
OF STATE                       )
                               )
            Defendant.         )
                               )

## ANSWER

Defendant, U.S. Department of State ("Defendant"), by and through undersigned counsel, respectfully submits the following Answer to Plaintiffs' Complaint (ECF No. 1), and states as follows:

## DEFENSES

1. As to some or all of the claims asserted in this action, Plaintiffs have failed to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

3. Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions to FOIA.

## DEFENDANT'S RESPONSES TO THE NUMBERED PARAGRAPHS[1]

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. Defendant admits, denies, or otherwise answers the unnumbered and numbered paragraphs in the complaint as follows:

The first, unnumbered paragraph contains Plaintiffs' characterization of this FOIA action, to which no response is required.

## INTRODUCTION

1. This paragraph consists of Plaintiffs' characterization of this FOIA action, to which no response is required.

2. Defendant admits that Plaintiffs submitted a FOIA request to the Department of State dated August 7, 2020, and that Defendant acknowledged receipt of the FOIA request on August 11, 2020. *See* Docs. 1-1 & 1-2. Defendant further admits that, as of the date of the complaint, a final determination had not yet been made as to Plaintiffs' FOIA request. The remainder of the paragraph contains Plaintiffs' characterization of this FOIA action, to which no response is required.

3. This paragraph consists of conclusions of law and Plaintiffs' characterization of this FOIA action, to which no response is required.

---

[1] Merely for ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## PARTIES

4. Defendant admits that Plaintiffs submitted a FOIA Request to the State Department. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

5. Defendant admits that the Department of State is a federal agency. The remainder of this paragraph consists of conclusions of law, to which no response is required.

## JURISDICTION AND VENUE

6. This paragraph consists of conclusions of law regarding jurisdiction, to which no response is required.

7. This paragraph consists of conclusions of law regarding venue, to which no response is required.

## BACKGROUND

### I. The Sbarro Attack

8. The allegations in this paragraph are not material to the underlying claim. Thus, no response is required.

9. The allegations in this paragraph are not material to the underlying claim. Thus, no response is required.

10. The allegations in this paragraph are not material to the underlying claim. Thus, no response is required.

11. The allegations in this paragraph are not material to the underlying claim. Thus, no response is required.

12. The allegations in this paragraph are not material to the underlying claim. Thus, no response is required.

## II. Extradition Attempts

13. The allegations in this paragraph are not material to the underlying claim. Thus, no response is required.

14. The allegations in this paragraph are not material to the underlying claim. Thus, no response is required.

15. The allegations in this paragraph are not material to the underlying claim. Thus, no response is required.

16. The allegations in this paragraph are not material to the underlying claim. Thus, no response is required.

17. The allegations in this paragraph are not material to the underlying claim. Thus, no response is required.

18. The allegations in this paragraph are not material to the underlying claim. Thus, no response is required.

19. Admit.

20. Defendant admits the allegations in Paragraph 20, except to clarify that Defendant's records indicate the email was sent on January 23, 2020.[2]

21. Defendant admits that Plaintiffs submitted a FOIA request to the Department of State dated August 7, 2020. Defendant admits that, as of the date of the complaint, a final determination had not yet been made as to Plaintiffs' FOIA request. The remainder of Paragraph 21 consists of Plaintiffs' characterization of this action, to which no response is required.

---

[2] Defendant notes that the discrepancy in the date may be due to the sender and recipient being in different time zones.

22.	The allegations in this paragraph are not material to the underlying claim. Thus, no response is required.

### III.	The FOIA Request

23.	Defendant admits that Plaintiffs submitted a FOIA request to the Department of State dated August 7, 2020. The remainder of Paragraph 23 characterizes the request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request in Exhibit A to the Complaint, *see* Doc. 1-1, for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

### IV.	The State Department's Constructive Denial of the FOIA Request

24.	Defendant admits that Defendant acknowledged receipt of the FOIA request on August 11, 2020. Defendant respectfully refers the Court to the acknowledgement in Exhibit B to the Complaint, *see* Doc. 1-2, for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

25.	Defendant admits that Plaintiffs' counsel emailed the State Department's FOIA office on October 5, 2020. Defendant respectfully refers the Court to the email in Exhibit C to the Complaint, *see* Doc. 1-3, for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

26.	Defendant admits that the Department's FOIA representative emailed Plaintiffs' counsel on October 6, 2020. Defendant respectfully refers the Court to the email in Exhibit D to the Complaint, *see* Doc. 1-4, for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

27.	Defendant admits that Plaintiffs' counsel emailed the State Department on November 19, 2020. Defendant respectfully refers the Court to the email in Exhibit D to the

Complaint, *see* Doc. 1-4, for a full and accurate statement of its contents and denies any allegations inconsistent therewith.  Defendant further avers that the Department responded on November 23, 2020.  The remainder of Paragraph 27 consists of Plaintiffs' characterization of this action, to which no response is required.

28. Defendant admits that, as of the date of the complaint, a final determination had not yet been made as to Plaintiffs' FOIA request.

29. Defendant admits that, as of the date of the complaint, a final determination had not yet been made as to Plaintiffs' FOIA request.

30. Defendant admits that, as of the date of the complaint, a final determination had not yet been made as to Plaintiffs' FOIA request.

31. Defendant admits that, as of the date of the complaint, a final determination had not yet been made as to Plaintiffs' FOIA request.

32. This paragraph states conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

## **CLAIM FOR RELIEF**

## **COUNT I**

33. Defendant answers and incorporates by reference its responses to paragraphs 1-32 above.

34. This paragraph states conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

35. This paragraph states conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

36. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

37. Admit.

38. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

39. Defendant admits that, as of the date of the complaint, a final determination had not yet been made as to Plaintiffs' FOIA request. The remainder of this paragraph states conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

40. This paragraph states conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

## **REQUEST FOR RELIEF**

The remainder of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever as to the underlying FOIA claim.

Dated: February 5, 2021	Respectfully submitted,

        MICHAEL R. SHERWIN
        Acting United States Attorney

        BRIAN HUDAK
        Acting Chief, Civil Division


BY: /s/ *Darrell C. Valdez*
     DARRELL C. VALDEZ, D.C. Bar #420232
     Assistant United States Attorney
     United States Attorney's Office
     Civil Division
     555 4th Street, N.W.
     Washington, D.C. 20530
     (202) 252-2507