UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRIMET ROTH and ARNOLD ROTH,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>Defendant. | Civil Action No. 20-3838 (ABJ) |

**PLAINTIFFS' RESPONSES TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h), Frimet Roth and Arnold Roth (the "Plaintiffs"), respectfully respond to the U.S. Department of State's (the "State Department") Statement of Material Facts As To Which There Is No Genuine Issue In Support of Defendant's Motion For Summary Judgment. ECF No. 50-3.

1. On August 7, 2020 (Exhibit 2), Plaintiff by email submitted a FOIA request to the Department seeking:
    a. All records or other documents or communications constituting or relating to the exchange of Instruments of Ratification between the U.S. and Jordan relating to the Treaty.
    b. All records or other documents or communications constituting or relating to any proposed or actual presidential proclamation and/or Executive Order declaring the Treaty to be in force.
    c. All records or other documents or communications constituting or relating to any diplomatic notes or other communications from Jordan with respect to Jordan's internal procedures with respect to bringing the Treaty into force.
    d. All records or other documents or communications constituting or relating to the Extradition Request, including intra-U.S. government communications as well as communications between the U.S. government and Jordan with respect thereto.

  e. All records or other documents or communications constituting or relating to Jordan's refusal to comply with the Extradition Request, including intra-U.S. government communications as well as communications between the U.S. government and Jordan with respect thereto.

  f. All records or other documents or communications relating to (a) Jordan's Court of Cassation's decision, on or about March 20, 2017, that the Treaty is invalid under Jordanian constitutional law, including intra-U.S. government communications as well as communications between the U.S. government and Jordan; and (b) any prior ruling by a Jordanian court (including without limitation in 1996) regarding the validity or effectiveness of the Treaty.

  g. All records or other documents or communications relating to any statement by or communication from Jordan regarding whether the Treaty is in force, including intra-U.S. government communications as well as communications between the U.S. government and Jordan.

  h. All records or other documents or communications relating to (a) the inclusion of the Treaty in Treaties in Force, and (b) the statement in DOS's "Country Reports on Terrorism 2019: Jordan" that, in the context of noting the Extradition Refusal, "The United States regards the extradition treaty with Jordan as valid and in force."

  i. All records or other documents or communications relating to any instances where the Treaty has (a) been applied or utilized or (b) not applied or utilized with respect to the extradition, transfer or rendition of persons from Jordan to the U.S., other than Tamimi, including but not limited to Eyad Ismoil (a/k/a Iyad Isama'il Al-Najim); Mohammad Zaki Amawi; and Nader Saadeh.

  j. The time period for this request is January 1, 1996, to August 7, 2020.

Kootz Decl. ¶ 5.

**RESPONSE:** Plaintiffs admit that on August 7, 2020, Plaintiffs sent via email a FOIA request to the State Department seeking the above referenced documents.

  2. By letter dated August 11, 2020, (Exhibit 3), IPS acknowledged receipt of Plaintiff's FOIA request and assigned it Case Control Number F-2020-07550.  Kootz Decl. ¶ 6.

**RESPONSE:**  Plaintiffs admit that IPS acknowledged receipt of Plaintiffs' FOIA request by letter dated August 11, 2020, and that it was assigned Case Control Number F-2020-7550.

3. The Department located 62 records responsive to the request of which 29 records are being challenged. The Department withheld 25 records in part pursuant to Exemptions 1, 5, and 7(A), 5 U.S.C. §§ 552(b)(1), (b)(5), and (b)(7)(A). The Department withheld 4 records in full pursuant to Exceptions 5 and 7(A), 5 U.S.C. §§ 552(b)(5) and (b)(7)(A). Kootz Decl. ¶ 7; Ex. B - *Vaughn* Index.

**RESPONSE:** Plaintiffs lack sufficient information to admit or deny whether the State Department located only 62 records responsive to the FOIA requests and, therefore, deny. Plaintiffs admit that the Department withheld 4 records in full pursuant to Exceptions 5 and 7(A), 5 U.S.C §§ 552(b)(5) and (b)(7)(A).

4. Timothy Kootz is an original classification authority. Kootz Decl. ¶ 13.

**RESPONSE:** Plaintiffs lack sufficient information to admit or deny whether Timothy Kootz is an original classification authority and, therefore, deny.

5. Kootz determined that all the information withheld pursuant to Exemption 1 is under the control of the United States Government. Kootz Decl. ¶ 13.

**RESPONSE:** Plaintiffs admit this statement.

6. Kootz determined that the withheld information falls within one or more section of Executive Order 13526. Kootz Decl. ¶ 13.

**RESPONSE:** Plaintiffs admit Mr. Kootz determined that the information withheld pursuant to Exemption 1 falls within one or more section of Executive Order 13526, but do not admit the legal validity of his determination.

7. The Department withheld portions of documents marked "CONFIDENTIAL" and "SECRET/NOFORN" under FOIA Exemption 1 as protected under Executive Order No. 13526 § 1.4(b)'s classification of "foreign government information." Kootz Decl. ¶¶ 15-19; *see also* Ex. B - *Vaughn* Index (Doc. Nos. 1-14).

**RESPONSE:** Plaintiffs admit that the Department withheld portions of documents marked "CONFIDENTIAL" and "SECRET/NOFORN" under FOIA Exemption 1 as protected under Executive Order No. 13526 §1.4(b)'s classification of "foreign government information," but it does not admit the legal validity of the State Department's position.

8. The material withheld relates to confidential discussions about Tamimi between the United States and the Government of Jordan and related information regarding the pending request for her extradition to the United States. Kootz Decl. ¶ 18.

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

9. Release of the withheld foreign government information would cause foreign officials to believe that the United States was not able or willing to protect the confidentiality of information provided through confidential means. Kootz Decl. ¶ 18.

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

10. The Department withheld portions of documents that concerns both confidential sources and sensitive aspects of U.S. foreign relations, including, in particular, diplomatic exchanges between the United States and the Government of Jordan regarding the extradition of Tamimi to the United States as protected under Executive Order No. 13,526 § 1.4(d)'s classification of "foreign relations or foreign activities of the United States." Kootz Decl. ¶¶ 20-24; *see also* Ex. B - *Vaughn* Index (Doc. Nos. 1-14).

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

11. Information withheld pursuant to Section 1.4(d) includes information that implicates aspects of U.S. relationships with allies and adversaries, as well as the activities it undertakes to advance its foreign policy mission abroad. Kootz Decl. ¶ 21.

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

  12. Release of this withheld information would inject friction into, or cause damage to, a number of our bilateral relationships with countries whose cooperation is important to U.S. national security, including some in which public opinion might not currently favor close cooperation with the United States. Kootz Decl. ¶ 22.

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

  13. Kootz determined that the unauthorized disclosure of the information withheld pursuant to Exemption 1 reasonably could be expected to cause serious damage or damage to the national security. Kootz Decl. ¶ 13.

**RESPONSE:** Plaintiffs admit Mr. Kootz determined that the unauthorized disclosure of the information withheld pursuant to Exemption 1 reasonably could be expected to cause serious damage or damage to national security, but do not admit the legal validity of his determination.

  14. The Department withheld information pursuant to Exemption 5 as protected by deliberative process, attorney-client, and attorney work-product. Kootz Decl. ¶¶ 25-33.

**RESPONSE:** Plaintiffs admit that the Department withheld information pursuant to Exemption 5 as protected by deliberative process, attorney-client, and attorney work product, but do not admit the legal validity of the Department's position.

15. The Department withheld certain information pursuant to Exemption 5 that are intra or inter-agency communications between and with the Department, the Department of Justice and the FBI. Kootz Decl. ¶¶ 25-31; *see also* Ex. B - *Vaughn* Index (Doc. Nos. 1-5, 15-16, 19, 21-29).

**RESPONSE:** Plaintiffs lack sufficient information to dispute whether certain information withheld pursuant to Exemption 5 is intra- or inter-agency communications between the Department, the Department of Justice, and the FBI and, therefore, deny.

16. This withheld information is pre-decisional because they include drafts of several types of documents ahead of various meetings and other decisions made by high level officials before those officials reached an official policy decision. Kootz Decl. ¶¶ 25-31.

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

17. This withheld information is also deliberative because the withheld inter- and intra-agency communications reflect the deliberative process within the U.S. Government as policy decisions are formulated in relation to the United States' engagement with Jordan in regards to efforts to extradite Tamimi. Kootz Decl. ¶¶ 25-31.

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

18. The Department withheld certain information pursuant to Exemption 5 that are protected by the attorney-client privilege. Kootz Decl. ¶ 33; *see also* Ex. B - *Vaughn* Index (Doc. Nos. 1-5, 15).

6

**RESPONSE:** Plaintiffs admit that the Department withheld certain information pursuant to Exemption 5 and attorney-client privilege, but it does not admit the legal validity of the Department's position.

      19.    The withheld information contained within these documents are the views and advice of Department lawyers that constitute legal advice provided by those attorneys to their internal Department clients. Kootz Decl. ¶ 33.

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

      20.    In each instance where such information was withheld, the withheld information reflects the two-way confidential communications that occur between lawyers and their clients when seeking and providing legal advice, and includes facts divulged to one or more of the attorneys for the purposes of obtaining legal advice, as well as opinions given by the attorneys based upon and reflecting those facts. Kootz Decl. ¶ 33.

**RESPONSE:** Plaintiffs lack sufficient information to admit or deny whether the information withheld reflects two-way confidential communications that occurred between lawyers and their clients seeking and providing legal advice and includes facts divulged to one or more of the attorneys for the purposes of obtaining legal advice, as well as opinions given by the attorneys based upon and reflecting those facts and, therefore, deny. Plaintiffs also deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

21.     The Department withheld certain information pursuant to Exemption 5 that are protected by the attorney work product privilege. Kootz Decl. ¶ 32; *see also* Ex. B - *Vaughn* Index (Doc. Nos. 16, 19, 21-26).

**RESPONSE:** Plaintiffs admit the Department withheld certain information pursuant to Exemption 5 and asserts the attorney work product privilege, but do not admit the legal validity of the Department's position.

22.     The withheld information reflects the mental impressions, conclusions, opinions, or legal theories of State Department and Department of Justice attorneys regarding the U.S.-Jordan Extradition Treaty and the pending litigation regarding the request for the extradition of Tamimi. Kootz Decl. ¶ 32.

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

23.     The Department withheld certain pursuant to Exemption 7(A) that was compiled for law enforcement purposes. Kootz Decl. ¶¶ 34-36.

**RESPONSE:** The Plaintiffs admit that the Department withheld certain material pursuant to Exemption 7(A) and asserts that it was compiled for law enforcement purposes, but does not admit the legal validity of the Department's position.

24.     The information withheld pursuant to Exemption 7(A) was compiled in furtherance of the Department of Justice's criminal investigation into Tamimi and her alleged involvement in the killing of U.S. Citizens. Kootz Decl. ¶ 36; Ex. B - *Vaughn* Index (Doc. Nos. 1-5, 16-18, 20, 25).

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the

8

extent the statement conveys a statement of fact, Plaintiffs deny.

25.  The Department relies on Exemption 7(A) to protect information which, if disclosed, could reasonably be expected to interfere with pending enforcement proceedings against Tamim because the information withheld was generated for purposes of assisting the Department of Justice's efforts to extradited Tamimi in connection with Tamimi's criminal case. Kootz Decl. ¶ 31; Ex. B - *Vaughn* Index (Doc. Nos. 1-5, 16-18, 20, 25).

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

26.  Disclosure of the information withheld by Exemption 1 would reasonably be expected to harm the government's interests in protecting foreign government information and the foreign relations of the United States. Kootz Decl. ¶¶ 13-24.

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

27.  Disclosure of the information withheld by Exemption 5 would reasonably be expected to harm the government's interests in protecting deliberative process, attorney-client communications, and attorney work product because disclosure would chill candid advise rendered by Department attorneys and employees, create international confusion about the Department's position on controversial issues until formalized, chill attorneys' candid advice on matters that may lead to litigation. Kootz Decl. ¶¶ 26-33.

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

28. Disclosure of the information withheld by Exemption 7(A) would reasonably be expected to harm the government's interests in that Exemption because disclosure would interfere both with Department of Justice's ongoing criminal investigation and efforts to extradite Tamimi to the United States and compromise the United States' ability to coordinate on the effort to extradite Tamimi with Jordan. Kootz Decl. ¶ 36.

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

29. The Department undertook a careful line-by-line review of all documents in this case and segregated non-exempt information when possible. Kootz Decl. ¶ 37.

**RESPONSE:** Plaintiffs deny this statement as it is a legal conclusion and not a fact. To the extent the statement conveys a statement of fact, Plaintiffs deny.

30. Otherwise, the Department determined that no segregation of meaningful information in the documents could be made without disclosing information warranting protection under the law. Kootz Decl. ¶ 37.

**RESPONSE:** Plaintiffs admit that the State Department made this determination, but Plaintiffs disagree with the legal validity of the State Department's position.

31. As a result of this review, the Department provided Plaintiff with all non-exempt responsive information. Kootz Decl. ¶ 37.

**RESPONSE:** Plaintiffs deny.

Respectfully submitted,

By: */s/ Margaret A. Dale*
Margaret A. Dale (*pro hac vice*)
Henrique N. Carneiro (*pro hac vice*)
Proskauer Rose LLP
11 Times Square
New York, New York 10036
mdale@proskauer.com
hcarneiro@proskauer.com
Tel: (212) 969-3315
Tel: (212) 969-3993

Marielle T. LaBerge (*pro hac vice*)
Proskauer Rose LLP
One International Place
Boston, MA 02110
mlaberge@proskauer.com
Tel: (617) 526-9628

*/s/ Guy G. Brenner*
Guy G. Brenner
D.C. Bar No. 491964
Proskauer Rose LLP
1001 Pennsylvania Ave., N.W.
Suite 600 South
Washington, D.C. 20004-2533
gbrenner@proskauer.com
Tel: (202) 416-6830

*Attorneys for Plaintiffs Frimet and Arnold Roth*