UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIMET ROTH, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 20-3838 (ABJ)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT
OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

　　　　Pursuant to Local Civil Rule 7(h), Defendant, the U.S. Department of State, submits this statement in response to Plaintiffs' statement of material facts as to which there is no genuine issue with respect to the issues raised in Plaintiffs' Cross-Motion for Summary Judgment. Pls.' Stmt. (ECF No. 53-2).

　　　　1.　　On July 15, 2013, the Department of Justice filed criminal charges against Ahlam Al-Tamimi. **Supporting evidence:** LaBerge Decl. Ex. 39; LaBerge Decl. Ex. 37.

　　　　**Response:**　The Department responds that this fact is undisputed, but disputes the materiality.

　　　　2.　　The charges were unsealed on March 14, 2017. **Supporting evidence:** LaBerge Decl. Ex. 39.

　　　　**Response:**　The Department responds that this fact is undisputed, but disputes the materiality.

3. The investigation that led to the criminal charges concluded as early as July 15, 2013, but no later than March 14, 2017. **Supporting evidence:** LaBerge Decl. Ex. 39.

**Response:** The Department responds that the purported fact is unsupported by the evidence relied upon by Plaintiffs. Responding further, the evidence reveals that investigations into the conduct of Ahlam Al-Tamimi have not been completed, and rather remain open. Ex. A - Second Kootz Decl. ¶¶ 8-11.

4. The United States requested that Jordan extradite Al-Tamimi to stand trial in the United States for her crimes. **Supporting evidence:** LaBerge Decl. Ex. 39.

**Response:** The Department responds that this fact is undisputed, but disputes the materiality.

5. On March 21, 2017, the Jordanian Court of Cassation ruled that the extradition treaty between the United States and Jordan was unenforceable. **Supporting evidence:** LaBerge Decl. Ex. 40.

**Response:** The Department responds that this fact is unsupported by the evidence relied upon by Plaintiffs. However, the date of the ruling appears not to be in dispute. *See* "Jordan Court Blocks Extradition of Bombing Suspect to US", *available at* https://www.voanews.com/a/jordan-court-blocks-extradition-of-bombing-suspect-to-us-/3775190.html (last visited Jan. 7, 2025). Responding further, the Department disputes the materiality of this fact.

6. The State Department's redactions to the documents produced pursuant to Plaintiffs' FOIA request do not specify whether they are pursuant to EO 13526 § 1.4(b), § 1.4(d) or both. **Supporting evidence:** LaBerge Decl. Exs. 1-14.

**Response:** The Department disputes this fact. Specifically, the Department's *Vaughn* index specifies that portions of Documents 1-14 were withheld pursuant to both section 1.4(b) and

1.4(d) of Executive Order 13526, which is consistent with the markings on the documents as provided to Plaintiff. *See Vaughn* Indx (ECF No. 50-4).

7. The State Department's redactions to the documents produced pursuant to Plaintiffs' FOIA request do not specify whether they are justified by the deliberative process privilege, the attorney-client privilege, the attorney work-product doctrine, or some or all of these. **Supporting evidence:** LaBerge Decl. Exs. 1-5, 15, 16, 19, 21-29.

**Response:** The Department responds that this fact is undisputed, but disputes the materiality. Specifically, the Department's *Vaughn* index specifies whether the asserted withholding under Exemption 5 is pursuant to the deliberative process privilege, the attorney-client privilege, and/or the attorney work-product doctrine. *See Vaughn* Indx (ECF No. 50-4).

8. In withholding information under Exemption 7(A), the State Department has provided the same exact explanation in Vaughan Index entries for emails whose dates range from March 2017 to January 2020. **Supporting evidence:** *Vaughn* index, ECF No. 50-4 at 2, 6-9, 11 (entries for Documents 1-5, 16-18, 20, 25).

**Response:** The Department responds that this fact is undisputed but it is not material to whether the Department has met its burden to establish that its withholdings pursuant to Exemption 7(A) were proper.

9. In withholding information under Exemption 7(A), the State Department has provided the same exact explanation in its Vaughan Index entries for emails with the following permutations of authors and recipients: "State Department Officials; Jordanian Government Officials"; "U.S. Government Officials"; "Government of Jordan, U.S. Government Officials." **Supporting evidence:** *Vaughn* index, ECF No. 50-4 at 2, 6-9, 11 (entries for Documents 1-5, 16-18, 20, 25).

**Response:** The Department responds that this fact is undisputed, but it is not material to whether the Department has met its burden to establish that its withholdings pursuant to Exemption 7(A) were proper.

10. In withholding Document No. 20, the State Department relies solely on Exemption 7(A). **Supporting evidence:** *Vaughn* index, ECF No. 50-4 at 8 (entry for Document 20).

**Response:** The Department responds that this fact is undisputed.

11. In withholding Document No. 29, the State Department relies solely on Exemption 5. **Supporting evidence:** *Vaughn* index, ECF No. 50-4 at 13-14 (entry for Document 29).

**Response:** The Department responds that this fact is undisputed.

\* \* \*

Date: January 24, 2025 	Respectfully submitted,

                              EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK,
Chief, Civil Division

By: 	/s/ *Stephen DeGenaro*
STEPHEN DEGENARO
D.C. Bar #1047116
Assistant United States Attorney
601 D St., N.W.
Washington, D.C. 20530
(202) 252-7229
Stephen.DeGenaro@usdoj.gov

*Attorneys for the United States of America*

5