## Department of State Vaughn Index
### *Frimet Roth and Arnold Roth v. U.S. Department of State*
### (Civil Action No. 20-3838-ABJ)

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| **(1-5)** | | | | | | |
| B-00001942772 | Email | 6 | 1/7/2020 | State Department Officials; Jordanian Government Officials | Released in Part ("RIP") | (b)(1) (1.4(b) & 1.4(d)); (b)(5) (Deliberative process privilege ("DPP"), attorney-client privilege ("ACP")); (b)(7)(A) |
| B-00001942773 | | 4 | 1/7/2020-1/10/2020 | | | |
| B-00001942775 | | 5 | 1/7/2020-1/8/2020 | | | |
| B-00001942777 | | 4 | 1/7/2020-1/9/2020 | | | |
| B-00001942780 | | 3 | 1/7/2020 | | | |

**DESCRIPTION:** These documents are variations of an email chain among U.S. Department of State ("State Department," or "the Department") and Jordanian Government officials regarding a January 6, 2020, meeting among State Department, Department of Justice ("DOJ"), and Jordanian Government officials concerning Ahlam Aref Ahmand Al-Tamimi ("Tamimi") and the pending request for her extradition from Jordan to the United States. On October 14, 2021, in accordance with the requirements of Section 1.7(d) of Executive Order ("E.O.") 13526, the Department classified portions of these documents that were originally UNCLASSIFIED as CONFIDENTIAL, in accordance with the requirements of E.O. 13526 sections 1.4(b) and (d).

The Department withheld these documents in part under Freedom of Information Act ("FOIA") Exemption 1, 5 U.S.C. § 552(b)(1), in accordance with E.O. 13526 sections 1.4(b) and (d), which pertain to foreign government information and foreign relations or foreign activities of the United States. The withheld material relates to confidential discussions about Tamimi between the United States and the Government of Jordan and related information regarding the pending request for her extradition to the United States. Diplomatic exchanges are premised upon, and depend upon, an expectation of confidentiality. The inability of the United States to maintain the confidentiality of its diplomatic exchanges including the one here with the Jordanian Government, would inevitably chill relations with other governments and could reasonably be expected to cause serious damage to U.S. national security by diminishing our access to vital sources of information. Foreign governments could reasonably be expected to be less willing in the future to furnish information important to the conduct of U.S. foreign relations, and in general less disposed to cooperate with the United States in the achievement of foreign policy objectives of common interest.

---

[1] As Plaintiffs are only challenging the State Department's withholdings made pursuant to FOIA Exemptions (b)(1)(1.4(b) & 1.4(d)), (b)(5), and (b)(7)(A), this column identifies only those exemptions where applicable.

1

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|

The Department also withheld portions of these documents under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege because they are predecisional and deliberative communications concerning State Department and DOJ officials' views on policy decisions related to the pending extradition request for Tamimi. They are predecisional because the written contents of the emails predate any final determination about the executive branch's position on the policy issues. They are deliberative because they reflect the distillation of the two agencies' consideration of facts and legal issues relevant to the formulation of their positions. Disclosure of the withheld information, which contains a selection and analysis of facts and legal issues reflecting the agency officials' judgment, could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when executive branch officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the executive branch's deliberative process by impeding the ability of responsible executive branch officials to formulate and carry out executive branch policies and actions concerning extradition treaties and similar types of agreements by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. This foreseeable harm is particularly heightened in the context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries.

The Department also withheld portions of these documents under FOIA Exemption 5 pursuant to the attorney-client privilege as the withheld portions of the document reflect legal advice provided by State Department attorneys to their internal Department clients.

The Department additionally withheld portions of these documents pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), which protects records or information compiled for law enforcement purposes, the disclosure of which would reasonably be expected to interfere with enforcement proceedings. Certain information in these communications was generated for the purpose of informing DOJ's efforts to extradite Tamimi from Jordan to the United States in connection with DOJ's criminal case against her related to her alleged participation in a 2001 suicide bomb attack in Israel that resulted in the death of U.S. nationals. Specifically, the information redacted under Exemption 7(A) relates to U.S. engagement with the Government of Jordan and the efforts ongoing to obtain custody of Tamimi. The premature release of that information could reasonably be expected to interfere with DOJ's ongoing criminal investigation and efforts to obtain custody of Tamimi. The risk of harm is especially pronounced because disclosure of the information could also reasonably be expected to compromise the United States ability to work cooperatively with the Government of Jordan to obtain custody of Tamimi.

The Department has conducted a line-by-line review of these documents and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

(6-7)

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| B-00002428519 | Document | 1 | Undated | State Department Officials | RIP | (b)(1) (1.4(b) & 1.4(d)) |
| B-00002428530 |  | 1 |  |  |  |  |

**DESCRIPTION:** These documents are analyses and recommendations prepared by lower-level State Department officials for a higher-level State Department official in preparation for a discussion about Tamimi between the senior State Department official and the Jordanian Ambassador. Portions of these documents are currently and properly classified as SECRET/NOFORN, in accordance with E.O. 13526 sections 1.4(b) and (d).

The Department withheld these documents in part under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), in accordance with E.O. 13526 sections 1.4(b) and (d), which pertain to foreign government information and foreign relations or foreign activities of the United States. The withheld material relates to confidential discussions about Tamimi between the United States and the Government of Jordan and related information regarding the pending request for her extradition to the United States. Diplomatic exchanges are premised upon, and depend upon, an expectation of confidentiality. The inability of the United States to maintain the confidentiality of its diplomatic exchanges including the one here with the Jordanian Government, would inevitably chill relations with other governments and could reasonably be expected to cause serious damage to U.S. national security by diminishing our access to vital sources of information. Foreign governments could reasonably be expected to be less willing in the future to furnish information important to the conduct of U.S. foreign relations, and in general less disposed to cooperate with the United States in the achievement of foreign policy objectives of common interest.

The Department has conducted a line-by-line review of these documents and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

**(8)**

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s) |
|---|---|---|---|---|---|---|
| B-00002428523 | Document | 1 | Unknown | State Department Officials | RIP | (b)(1) (1.4(b) & 1.4(d)) |

**DESCRIPTION**: This document is a memorandum regarding a January 6, 2020, meeting between State Department officials and the Jordanian Government regarding Tamimi. On March 6, 2023, in accordance with the requirements of Section 1.7(d) of E.O. 13526, the Department classified portions of the document that were originally UNCLASSIFIED as CONFIDENTIAL, in accordance with E.O. 13526 sections 1.4(b) and (d).

The Department withheld this document in part under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), in accordance with E.O. 13526 sections 1.4(b) and (d), which pertain to foreign government information and foreign relations or foreign activities of the United States. The withheld material relates to a confidential discussion between the United States and the Government of Jordan regarding Tamimi. Diplomatic exchanges are premised upon, and depend upon, an expectation of confidentiality. The inability of the United States to maintain the confidentiality of its diplomatic exchanges including the one here with the Jordanian Government, would inevitably chill relations with other governments and could reasonably be expected to cause serious damage to U.S. national security by diminishing our access to vital sources of information. Foreign

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| governments could reasonably be expected to be less willing in the future to furnish information important to the conduct of U.S. foreign relations, and in general less disposed to cooperate with the United States in the achievement of foreign policy objectives of common interest.<br><br>The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released. | | | | | | |
| **(9-10)** | | | | | | |
| B-00002428550<br>B-00002428554 | Email | 2<br>2 | 1/6/2020<br>7/16/2019 | State Department Officials | RIP | (b)(1) (1.4(b) & 1.4(d)) |
| **DESCRIPTION:** These documents are email communications among State Department officials regarding meetings between the State Department and Jordanian Government officials regarding the pending extradition request for Tamimi. Portions of these documents are currently and properly classified as SECRET (B-2428550) and CONFIDENTIAL (B-2428554), in accordance with the requirements of E.O. 13526 sections 1.4(b) and (d).<br><br>The Department withheld these documents in part under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), in accordance with E.O. 13526 sections 1.4(b) and (d), which pertain to foreign government information and foreign relations or foreign activities of the United States. The withheld material relates to confidential discussions about Tamimi between the United States and the Government of Jordan and related information regarding the pending request for her extradition. Diplomatic exchanges are premised upon, and depend upon, an expectation of confidentiality. The inability of the United States to maintain the confidentiality of its diplomatic exchanges including the ones here with the Jordanian Government, would inevitably chill relations with other governments and could reasonably be expected to cause serious damage to U.S. national security by diminishing our access to vital sources of information. Foreign governments could reasonably be expected to be less willing in the future to furnish information important to the conduct of U.S. foreign relations, and in general less disposed to cooperate with the United States in the achievement of foreign policy objectives of common interest.<br><br>The Department has conducted a line-by-line review of these documents and determined that there is no additional meaningful, non-exempt information that can be segregated and released. | | | | | | |
| **(11-14)** | | | | | | |
| B-00002428547<br>B-00002428575<br>B-00002528560<br>B-00002428561 | Email | 5<br>5<br>3<br>5 | 9/30/2020-10/2/2020<br>9/28/2020-9/30/2020<br>9/30/2020<br>9/30/2020-10/1/2020 | State Department Officials | RIP | (b)(1) (1.4 (b) & 1.4(d)) |

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|

**DESCRIPTION:** These documents are email communications among State Department officials regarding the Tamimi case and the pending request for her extradition. Portions of these documents are currently and properly classified as SECRET/NOFORN, in accordance with E.O. 13526 sections 1.4(b) and (d).

The Department withheld these documents in part under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), in accordance with E.O. 13526 sections 1.4(b) and (d), which pertain to foreign government information and foreign relations or foreign activities of the United States. The withheld material relates to confidential discussions about Tamimi between the United States and the Government of Jordan and related information regarding the pending request for her extradition. Diplomatic exchanges are premised upon, and depend upon, an expectation of confidentiality. The inability of the United States to maintain the confidentiality of its diplomatic exchanges including the one here with the Jordanian Government, would inevitably chill relations with other governments and could reasonably be expected to cause serious damage to U.S. national security by diminishing our access to vital sources of information. Foreign governments could reasonably be expected to be less willing in the future to furnish information important to the conduct of U.S. foreign relations, and in general less disposed to cooperate with the United States in the achievement of foreign policy objectives of common interest.

The Department has conducted a line-by-line review of these documents and determined that there is no additional meaningful, non-exempt information that can be segregated and released.

| (15) | | | | | | |
|---|---|---|---|---|---|---|
| B-00001942769 | Memorandum | 11 | 8/4/2020 | State Department Officials | Denied in Full ("DIF") | (b)(5) (DPP, ACP) |

**DESCRIPTION:** This document is a legal memorandum regarding the U.S.-Jordan Extradition treaty prepared by State Department attorneys for a senior State department official.

The Department withheld this document in full under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege and the attorney-client privilege because it contains State Department attorneys' views on legal issues related to the U.S.-Jordan Extradition Treaty. The information withheld pursuant to Exemption 5 is withheld subject to both privileges. This document is subject to the deliberative process privilege because the views it contains are predecisional in that they predate any final decision regarding the legal issues described in the memorandum. They are deliberative because as they reflect the distillation of attorneys' consideration of facts and law relevant to the U.S.-Jordan Extradition Treaty and were provided to a senior State Department official for consideration as part of a policy-making process. Disclosure of the withheld information, which contains a selection and analysis of facts reflecting the judgment of the authors could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the State Department's deliberative process by impeding the ability of responsible State Department officials to formulate and carry out


| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|

Department policies and actions concerning treaties and other legal agreements by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action with regard to such treaties and other legal agreements. Furthermore, if non-final recommendations or opinions about the extradition of criminal defendants from Jordan to the United States were released, that could cause public confusion about the United States stance on this process and cause tension with countries implicated in the issue, including Jordan.

The Department also withheld this document under FOIA Exemption 5 pursuant to the attorney-client privilege as the document consists of legal advice provided by attorneys to their client within the State Department regarding issues related to the U.S.-Jordan Extradition Treaty.

The Department has conducted a line-by-line review of this document and determined that there is no meaningful, non-exempt information that can be reasonably segregated and released.

**(16)**

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s) |
|---|---|---|---|---|---|---|
| A-00000329938 | Email | 2 | 7/22/2019-7/23/2019 | U.S. Government Officials | RIP | (b)(5) (DPP, AWP); (b)(7)(A) |

**DESCRIPTION:** This document is an email chain among State Department and DOJ officials regarding the U.S.-Jordan Extradition Treaty and pending extradition request for Tamimi.

The Department withheld portions of this document under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege and the attorney work-product doctrine. All information withheld pursuant to Exemption 5 is withheld under both privileges. This document reflects State Department and DOJ officials' views on policy and legal issues related to the U.S.-Jordan Extradition Treaty. Portions of this document are subject to the deliberative process privilege because they contain views that are predecisional in that they predate any final decision regarding the executive branch's policy and legal approach to the extradition request for Tamimi following the Jordanian Court of Cassation's ruling on the request. Those portions are also deliberative because they reflect the distillation of the two agencies' consideration of facts and legal issues relevant to the extradition request and the related policy decisions. Disclosure of the withheld information, which contains a selection and analysis of facts reflecting the judgment of the author and other subordinate officials, could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the executive branch's deliberative process by impeding the ability of responsible executive branch officials to formulate and carry out executive branch policies and actions concerning extradition treaties and similar types of agreements by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. This foreseeable harm is particularly heightened in the context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries.

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|

The Department also withheld portions of this document under FOIA Exemption 5 pursuant to the attorney work-product doctrine as the withheld portions reflect the mental impressions, conclusions, opinions, or legal theories of State Department and DOJ attorneys regarding the U.S.-Jordan Extradition Treaty and the pending request for the extradition of Tamimi prepared in anticipation of litigation of the Tamimi case.

The Department additionally withheld portions of this document in part pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), which protects records or information compiled for law enforcement purposes, the disclosure of which would reasonably be expected to interfere with enforcement proceedings. Certain information withheld in these communications was generated for the purpose of informing DOJ's efforts to obtain custody of Tamimi in connection with its criminal case against her related to her alleged participation in a 2001 suicide bomb attack in Israel that resulted in the death of U.S. nationals. Specifically, the information withheld under Exemption 7(A) relates to steps taken by the United States in an attempt to gain custody of Tamimi, following the Jordanian Court of Cassation's ruling. The premature release of that information could reasonably be expected to interfere with DOJ's ongoing investigation and efforts to obtain custody of Tamimi. Specifically, disclosure of the information would reveal information which would risk the further success of U.S. attempts to obtain custody of Tamimi. It could compromise the United States ability to work cooperatively with the Jordanian Government to obtain custody of Tamimi.

The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

| (17-18) | | | | | | |
|---|---|---|---|---|---|---|
| A-00000329948 | Letter | 1 | 4/10/2017 | Government of Jordan, U.S. Government Officials | DIF | (b)(7)(A) |
| A-00000329950 | Translation of A-00000329948 | 2 | 4/21/2017 | | | |

**DESCRIPTION**: These documents are a communication written in Arabic (and its English translation) from the Ministry of Foreign and Expatriate Affairs of the Government of Jordan to the Embassy of the United States Embassy in Amman, Jordan regarding the potential extradition of Tamimi from Jordan to the United States.

The Department withheld these documents in full pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), which protects records or information compiled for law enforcement purposes, the disclosure of which would reasonably be expected to interfere with enforcement proceedings. The Department withheld these documents in full because they were compiled as a direct result of the United States request for Tamimi's extradition from Jordan to the United States. These documents were generated as a result of the criminal case brought by DOJ against Tamimi related to her alleged participation in a 2001 suicide bomb attack in Israel that resulted in the death of U.S. nationals, and subsequent extradition request. The premature release of that information could reasonably be expected to interfere with DOJ's ongoing criminal

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| investigation and efforts to obtain custody of Tamimi. The disclosure of the information could also reasonably be expected to compromise the United States ability to work cooperatively with the Jordanian Government to obtain custody of Tamimi. | | | | | | |

investigation and efforts to obtain custody of Tamimi. The disclosure of the information could also reasonably be expected to compromise the United States ability to work cooperatively with the Jordanian Government to obtain custody of Tamimi.

The Department has conducted a line-by-line review of these documents and determined that there is no meaningful, non-exempt information that can be reasonably segregated and released.

**(19)**

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s) |
|---|---|---|---|---|---|---|
| A-00000564207 | Email and attachments | 53 | 6/23/2016-3/13/2019 | U.S. Government Officials | RIP | (b)(5) (DPP, AWP) |

**DESCRIPTION**: This document is an email chain among State Department and DOJ officials and related attachments constituting draft correspondence from DOJ to the Government of Jordan concerning the request from the United States to Jordan to extradite Tamimi stemming from the criminal case brought against her by DOJ arising out of her alleged participation in a 2001 suicide bomb attack in Israel that resulted in the death of U.S. nationals.

The Department withheld portions of this document under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege and the attorney work-product doctrine because it contains State Department and DOJ officials' views on policy and legal issues related to the criminal case against Tamimi and her potential extradition from Jordan to the United States. All information withheld pursuant to Exemption 5 is withheld under both privileges. Portions of this document are subject to the deliberative process privilege because they are predecisional in that they predate the final version of the extradition request that was in fact delivered to the Jordanian Government seeking the extradition of Tamimi. They are deliberative because they reflect the distillation of the two agencies' consideration of facts and legal issues relevant to the formulation of the extradition request before it was delivered to the Jordanian Government. Disclosure of the withheld information, which contains a selection and analysis of facts and legal issues reflecting the agency officials' judgment, could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when executive branch officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the executive branch's deliberative process by impeding the ability of responsible executive branch officials to formulate and carry out executive branch policies and actions concerning legal matters, including extraditions, by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. This foreseeable harm is particularly heightened in the context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries.

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| \multicolumn{7}{l}{The Department also withheld portions of this document under FOIA Exemption 5 pursuant to the attorney work-product doctrine as the withheld portions reflect the mental impressions, conclusions, opinions, or legal theories of State Department and DOJ attorneys regarding the request for the extradition of Tamimi from Jordan to the United States prepared in anticipation of litigation of the Tamimi case.} | | | | | | |

The Department also withheld portions of this document under FOIA Exemption 5 pursuant to the attorney work-product doctrine as the withheld portions reflect the mental impressions, conclusions, opinions, or legal theories of State Department and DOJ attorneys regarding the request for the extradition of Tamimi from Jordan to the United States prepared in anticipation of litigation of the Tamimi case.

The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be segregated and released.

**(20)**

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s) |
|---|---|---|---|---|---|---|
| A-00000564189 | Email | 3 | 3/15/2017 | U.S. Government Officials | RIP | (b)(7)(A) |

**DESCRIPTION:** This document is an email chain among State Department and Jordanian Government officials regarding the United States engagement with the Jordanian Government concerning the criminal case against Tamimi and the request for her extradition from Jordan to the United States.

The Department withheld this document in part pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), which protects records or information compiled for law enforcement purposes, the disclosure of which would reasonably be expected to interfere with enforcement proceedings. The Department withheld this document in part because the information was compiled as a result of the criminal case brought by DOJ against Tamimi related to her alleged participation in a 2001 suicide bomb attack in Israel that resulted in the death of U.S. nationals. The information was specifically compiled for the purpose of facilitating the United States request for Tamimi's extradition from Jordan to the United States. The document reveals underlying details of U.S. efforts to obtain custody of Tamimi, which if released prematurely could reasonably be expected to stymie DOJ's ongoing criminal investigation and efforts to obtain custody of Tamimi. In particular, the premature disclosure of the information could reasonably be expected to compromise the United States ability to work cooperatively with the Jordanian Government to obtain custody of Tamimi.

The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be segregated and released.

**(21-24)**

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s) |
|---|---|---|---|---|---|---|
| A-00000330457 | Email | 3 | 5/28/2019-6/22/2020 | U.S. Government Officials | RIP | (b)(5) (DPP, AWP) |
| A-00000445744 | | 14 | 3/12/2019-7/24/2019 | | | |
| A-00000445756 | | 3 | 6/22/2020 | | | |
| A-00000564222 | | 3 | 9/15/2020-9/20/2020 | | | |

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| **DESCRIPTION**: These documents are email communications among State Department and DOJ officials regarding questions and concerns raised by Mr. Roth regarding the U.S.-Jordan Extradition Treaty and the United States pending request for the extradition of Tamimi from Jordan to the United States.<br><br>The Department withheld portions of these documents under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege and the attorney work-product doctrine. All information withheld is withheld under both privileges. These emails contain State Department and DOJ officials' views on policy and legal issues related to the U.S.-Jordan Extradition Treaty and the potential extradition of Tamimi. Portions of these documents are being withheld pursuant to the deliberative process privilege because they are predecisional in that the written contents of the emails predate any final determination about how the agencies would respond to the questions posed to them concerning the U.S.-Jordan Extradition Treaty and the pending request for the extradition of Tamimi. They are also deliberative because they reflect the distillation of the two agencies' consideration of facts and legal issues relevant to the formulation of the agencies' responses to the questions posed. Disclosure of the withheld information, which contains a selection and analysis of facts and legal issues reflecting the agency officials' judgment, could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when executive branch officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the executive branch's deliberative process by impeding the ability of responsible executive branch officials to formulate and carry out executive branch policies and actions concerning legal matters, including extraditions, by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. This foreseeable harm is particularly heightened in the context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries.<br><br>The Department also withheld portions of these documents under FOIA Exemption 5 pursuant to the attorney work-product doctrine as the withheld portions reflect the mental impressions, conclusions, opinions, or legal theories of State Department and DOJ attorneys regarding the U.S.-Jordan Extradition Treaty and the pending request for the extradition of Tamimi prepared in anticipation of litigation of the Tamimi case.<br><br>The Department has conducted a line-by-line review of these documents and determined that there is no additional meaningful, non-exempt information that can be segregated and released. | | | | | | |
| **(25)** | | | | | | |
| A-00000445749 | Email and attachments | 17 | 2/15/2017-4/18/2017 | U.S. Government Officials | RIP | (b)(5) (DPP, AWP); (b)(7)(A) |
| **DESCRIPTION:** This document consists of email communications among State Department, DOJ, and Federal Bureau of Investigation ("FBI") officials concerning the United States request for the extradition of Tamimi from Jordan. | | | | | | |

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|

The Department withheld portions of this document under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege and the attorney work-product doctrine. All information withheld pursuant to Exemption 5 is withheld under both privileges. These emails contain State Department and DOJ officials' views on policy and legal issues related to the potential extradition of Tamimi from Jordan to the United States. Portions of these documents are being withheld pursuant to the deliberative process privilege because they are predecisional in that the written contents of the emails predate any final determinations about the content of the extradition request and policy decisions related to the extradition of Tamimi. They are also deliberative because they reflect the distillation of the two agencies' consideration of facts and legal issues relevant to the formulation of the extradition request and the related policy decisions. Disclosure of the withheld information, which contains a selection and analysis of facts reflecting the judgment of the author and other subordinate officials, could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when executive branch officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the executive branch's deliberative process by impeding the ability of responsible executive branch officials to formulate and carry out executive branch policies and actions concerning legal matters, including extraditions, by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. This foreseeable harm is particularly heightened in the context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries.

The Department also withheld the same portions of this document under FOIA Exemption 5 pursuant to the attorney work-product doctrine as the withheld portions reflect the mental impressions, conclusions, opinions, or legal theories of a DOJ attorney regarding proposals for increased cooperation between the United States and Jordan on the extradition of individuals from Jordan to the United States and was prepared in anticipation of litigation of the Tamimi case.

The Department additionally withheld this document in part pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), which protects records or information compiled for law enforcement purposes, the disclosure of which would reasonably be expected to interfere with enforcement proceedings. The Department withheld this document in part because the information was compiled as a result of the criminal case brought by DOJ against Tamimi related to her alleged participation in a 2001 suicide bomb attack in Israel that resulted in the death of U.S. nationals. The information was specifically compiled for the purpose of facilitating the United States request for Tamimi's extradition from Jordan to the United States. The premature release of that information could reasonably be expected to interfere with DOJ's ongoing criminal investigation and efforts to obtain custody of Tamimi. The disclosure of the information could also reasonably be expected to compromise the United States ability to work cooperatively with the Jordanian Government to obtain custody of Tamimi.

*Roth v. U.S. Dept of State*
*Civil Action No. 20-3838*
*Vaughn Index*

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
|  | The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be segregated and released. |
| **(26)** | | | | | | |
| A-00000445755 | Email | 2 | 4/18/2018 | U.S. Government Officials | RIP | (b)(5) (DPP, AWP) |

**DESCRIPTION:** This document is an email communication from a DOJ attorney to a State Department official containing proposals for increased cooperation between the United States and Jordan on the extradition of individuals from Jordan to the United States.

The Department withheld portions of this document under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege and the attorney work-product doctrine. All information withheld pursuant to Exemption 5 is withheld under both privileges. Portions of this document were withheld pursuant to the deliberative process privilege because the document is a predecisional and deliberative communication outlining potential approaches available to the United States related to the extradition of criminal defendants from Jordan to the United States. The communication is predecisional because its content predates any final determination about which policy approach the United States might take related to the extradition of criminal defendants from Jordan to the United States. The communication is also deliberative because it reflects the DOJ's proposals and opinions concerning the benefits and drawbacks of potential options for the extradition of criminal defendants from Jordan to the United States provided to the State Department for its consideration. Disclosure of the withheld information, which contains a selection and analysis of facts reflecting the judgment of the author could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department officials are formulating a strategy for official action. Disclosure of the information would foreseeably harm the Department's deliberative process by impeding the ability of responsible Department officials to solicit, formulate, and carry out executive branch programs and actions by inhibiting candid interagency discussion and the expression of recommendations and judgments regarding a preferred course of action, particularly in the context of a sensitive issue such as extradition. This foreseeable harm is particularly heightened in the context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries.

The Department also withheld the same portions of this document under FOIA Exemption 5 pursuant to the attorney work-product doctrine as the withheld portions reflect the mental impressions, conclusions, opinions, or legal theories of a DOJ attorney regarding proposals for increased cooperation between the United States and Jordan on the extradition of individuals from Jordan to the United States and was prepared in anticipation of litigation of the Tamimi case.

The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be segregated and released.

*Roth v. U.S. Dept of State*
*Civil Action No. 20-3838*
*Vaughn Index*

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| **(27)** | | | | | | |
| A-00000445759 | Draft meeting materials | 3 | Undated | State Department Officials | RIP | (b)(5) (DPP) |
| **DESCRIPTION:** This document contains background and talking points on the status of the U.S.-Jordan Extradition Treaty and was prepared by State Department officials for use in a meeting with Jordanian Government officials. <br><br> The Department withheld portions of this document under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege because the document contains State Department officials' factual analyses and recommendations for possible points and proposals concerning the U.S.-Jordan Extradition Treaty that could be raised during a meeting with Jordanian Government officials. These portions of the document are predecisional because the content predates any final determination about the specific points and proposals that would be shared by the State Department in the meeting. These portions of the document are also deliberative because they reflect State Department officials' views and opinions concerning relevant facts to be considered in preparing for the meeting and the distillation of the Department's considerations of the rationale, merits, and drawbacks of possible proposals related to the U.S.-Jordan Extradition Treaty. Disclosure of the withheld information, which contains a selection and analysis of facts reflecting the judgment of the author could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the State Department's deliberative process by impeding the ability of responsible State Department officials to formulate and carry out Department policies and actions concerning treaties and other legal agreements by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action with regard to such treaties and other legal agreements. This foreseeable harm is particularly heightened in the context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries. <br><br> The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be segregated and released. ||||||| 
| **(28)** | | | | | | |
| A-00000459617 | Draft press guidance | 4 | 3/15/2017 | State Department Officials | RIP | (b)(5) (DPP) |
| **DESCRIPTION:** This document contains information prepared for Department employees to respond to press inquiries about the criminal charges brought against Tamimi in connection with a 2001 suicide bomb attack in Jerusalem, Israel. |||||||

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|

The Department withheld portions of this document under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege. The document reflects State Department officials' decisions about information they deemed relevant to press inquiries regarding the criminal charges brought against Tamimi. The withheld portions of the document are predecisional because the content predates any final determination about the specific responses that would be shared by the State Department with the press. These portions of the document are also deliberative because they reflect State Department officials' views and opinions concerning relevant facts to be considered in preparing for responding to press inquiries about the criminal charges brought against Tamimi. Disclosure of the withheld information, which contains a selection and analysis of facts reflecting the judgment of the author could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the State Department's deliberative process by impeding the ability of responsible State Department officials to formulate Department press guidance by inhibiting candid internal discussion and the expression of recommendations and judgments regarding preferred messaging or positions to be communicated to members of the press. This foreseeable harm is particularly heightened in the context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries.

The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be segregated and released.

**(29)**

| | | | | | | |
|---|---|---|---|---|---|---|
| A-00000445760 | Draft letter | 2 | Undated | DOJ Officials | DIF | (b)(5) (DPP) |

**DESCRIPTION:** This document is a draft letter prepared by the DOJ for the Jordanian Ministry of Justice regarding the Tamimi case and the potential extradition of Tamimi from Jordan to the United States.

The Department withheld this document under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege. The document is a draft letter from the DOJ and is therefore predecisional because the content predates any final determination about the specific content of the letter and whether to send the letter to its proposed recipient. The document is also deliberative because it contains the DOJ's proposed language for the letter and reflects the author's selection of facts deemed significant enough to include in the letter, which is itself a deliberative process. Disclosure of the withheld information, which contains a selection of facts reflecting the judgment of the author could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when DOJ officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the DOJ's deliberative process by impeding the ability of responsible DOJ officials to prepare communications to foreign governments by inhibiting candid internal discussion and the expression of recommendations and judgments regarding preferred language or messaging to be communicated to foreign governments or other recipients of DOJ communications. This foreseeable harm is particularly

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| \multicolumn{7}{l}{heightened in the context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries.} | | | | | | |
| The Department has conducted a line-by-line review of this document and determined that there is no meaningful, non-exempt information that can be segregated and released. | | | | | | |
| **(30)[2]** | | | | | | |
| A-00000330289 | Email and cable | 5 | 2/15/2017-3/15/2017 | State Department Officials | RIP | (b)(5) (DPP); (b)(7)(A) |

**DESCRIPTION**: This document is an email chain among U.S. State Department Embassy of Amman officials, which includes a cable containing suggested text for a diplomatic note, proposed by the Office of the Legal Adviser, to be used by American Diplomats in their interactions with Jordanian Officials.

The Department withheld portions of this document under Freedom of Information Act ("FOIA") Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege. The withheld portions of the document contain sample text for a diplomatic note and is therefore predecisional because the content predates any official diplomatic communication sent by the United States to diplomatic counterparts in Jordan. The withheld portions of the document are also deliberative because they contain the Office of the Legal Adviser's initial selection of facts and arguments to be presented to the eventual recipients, while also allowing other officials the opportunity to modify and weigh in on the proposed text. Disclosure of the withheld information, which contains a selection and analysis of facts reflecting the judgment of the author, could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when Department officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the State Department's deliberative process by impeding the ability of responsible State Department officials to formulate diplomatic correspondence by inhibiting candid internal discussion and the expression of recommendations and judgments regarding preferred messaging or positions to be communicated to foreign governments. This foreseeable harm is particularly heightened in the context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries.

The Department additionally withheld portions of this document pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), which protects records or information compiled for law enforcement purposes, the disclosure of which would reasonably be expected to interfere with enforcement proceedings. The information in the withheld portions of this documents was generated during the process of the U.S. State

---

[2] This document was produced as document (1) on the Department's supplemental *Vaughn* index, filed 12-13-2024.

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| | Department and Department of Justice's ("DOJ") attempt to extradite Tamimi from Jordan to the United States in connection with DOJ's criminal case against her related to her alleged participation in a 2001 suicide bomb attack in Israel that resulted in the death of U.S. nationals. The premature release of that information could reasonably be expected to interfere with DOJ's ongoing criminal investigation and efforts to obtain custody of Tamimi. The disclosure of the information could also reasonably be expected to compromise the United States ability to work cooperatively with the Jordanian Government to obtain custody of Tamimi.<br><br>The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be segregated and released. | | | | | |
| (31)[3] | | | | | | |
| A-00000330471 | Email | 6 | 3/12/2019-4/28/2019 | U.S. Department of Justice ("DOJ"), State Department, and other Government Officials | RIP | (b)(5) (DPP, ACP) |
| **DESCRIPTION**: This document is an email chain between various U.S. Government Officials, including officials from the State Department, DOJ Criminal Division, DOJ National Security Division, Federal Bureau of Investigation, and the U.S. Attorney's Office for the District of Columbia, discussing legal questions related to extraditions of Jordanian citizens to the United States under the extradition treaty.<br><br>The Department withheld portions of this document under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege and attorney client privilege. All information withheld pursuant to Exemption 5 is withheld under both privileges. The withheld portions were subject to the deliberative process privilege because they are predecisional and deliberative communications concerning State Department and DOJ officials' views on policy decisions related to the pending extradition request for Tamimi, the validity of the U.S.-Jordan Extradition treaty, and the response to topics broached by Mr. Roth. They are predecisional because the written contents of the emails predate any final determination about the executive branch's position on the cited policy issues. They are deliberative because they reflect the distillation of the two agencies' consideration of facts and legal issues relevant to the formulation of their positions. Disclosure of the withheld information, which contains a selection and analysis of facts and legal issues reflecting the agency officials' judgment, which could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when executive branch officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the executive branch's deliberative process by impeding the ability of responsible executive branch officials to formulate and carry out executive branch policies and actions concerning extradition treaties and similar types of agreements by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. This foreseeable harm is particularly heightened in the | | | | | |

---

[3] This document was produced as document (2) on the Department's supplemental *Vaughn* index, filed 12-13-2024.

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries.<br><br>The Department also withheld portions of this document under FOIA Exemption 5 pursuant to the attorney-client privilege as the withheld portions of the document reflect legal advice provided by government attorneys to their clients within the State Department regarding issues related to the U.S.-Jordan Extradition treaty.<br><br>The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be segregated and released. | | | | | | |
| **(32)[4]** | | | | | | |
| B-00001942770 | Email | 1 | 8/4/2020 | State Department Officials | RIP | (b)(1) (1.4(b) & 1.4(d)); (b)(5) ACP, DPP |
| **DESCRIPTION**: This document is an email from the Senior Jordan Desk Officer to Assistant Secretary Schenker and other State Department officials transmitting an information memo on U.S.-Jordan extradition treaty options and providing information on recent discussions with Jordanian Officials. The document was originally and is currently classified Secret, in accordance with the requirements of Executive Order (E.O.) 13526 sections 1.4(b) and (d).<br><br>The Department withheld portions of this document under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), in accordance with the requirements of E.O. 13526 sections 1.4(b) and (d), which pertain to foreign government information and foreign relations or foreign activities of the United States. The withheld material relates to confidential discussions about Tamimi between the United States and the Government of Jordan as well as actions the State Department planned to undertake in response to that information. Diplomatic exchanges are premised upon, and depend upon, an expectation of confidentiality. The inability of the United States to maintain the confidentiality of its diplomatic exchanges including the one here with the Jordanian Government, would inevitably chill relations with other governments and could reasonably be expected to cause serious damage to U.S. national security by diminishing our access to vital sources of information. Foreign governments could reasonably be expected to be less willing in the future to furnish information important to the conduct of U.S. foreign relations, and in general less disposed to cooperate with the United States in the achievement of foreign policy objectives of common interest.<br><br>The Department also withheld portions of this document under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege and attorney client privilege. All information withheld pursuant to Exemption 5 is withheld under both privileges. The withheld | | | | | | |

---

[4] This document was produced as document (3) on the Department's supplemental *Vaughn* index, filed 12-13-2024.

*Roth v. U.S. Dept of State*
*Civil Action No. 20-3838*
*Vaughn Index*

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| information is subject to the deliberative process privilege because it consists of predecisional and deliberative communications concerning a State Department official's views on policy decisions related to the pending extradition request for Tamimi. The information is predecisional because the written contents of the emails predate any final determination about the executive branch's position on the policy issues. It is deliberative because it reflects the distillation of the writer's consideration of facts and legal issues relevant to the formulation of their positions. Disclosure of the withheld information, which contains a selection and analysis of facts and legal issues reflecting the agency official's judgment, could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when executive branch officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the executive branch's deliberative process by impeding the ability of responsible executive branch officials to formulate and carry out executive branch policies and actions concerning extradition treaties and similar types of agreements by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. This foreseeable harm is particularly heightened in the context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries.<br><br>In addition, the Department withheld portions of this document under FOIA Exemption 5 pursuant to the attorney-client privilege as the withheld material consists of legal advice provided by attorneys to their client within the State Department regarding issues related to legal issues presented by the ongoing efforts to obtain custody of Tamimi.<br><br>The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be segregated and released. | | | | | | |
| **(33)[5]** | | | | | | |
| A-00000330447 | Email | 3 | 4/15/ 2019 | Various Government Officials | RIP | (b)(5) DPP |
| **DESCRIPTION**: This document is a set of emails between State Department officials stationed at Embassy Amman, Jordan discussing a memo from a Jordanian official to the Jordanian government, posing questions relating to extradition requests, which was also shared with other U.S. Government officials.<br><br>The Department withheld portions of this document under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege because it contains State Department officials' views on policy issues related to U.S.-Jordanian bilateral relations and the operations of Embassy Amman. This discussion amongst State Department officials stationed in Amman is predecisional because it predates any official response by the | | | | | | |

---

[5] This document was produced as document (4) on the Department's supplemental *Vaughn* index, filed 12-13-2024.

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| \multicolumn{7}{l}{State Department related to the cited Jordanian official's memo. The redacted material is deliberative because it reflects the input of one individual into a broader discussion with Embassy colleagues regarding the State Department's response to an ongoing debate within Jordanian politics on the subject of extraditions. Disclosure of the withheld information, which contains a selection and analysis of facts and legal issues reflecting the agency officials' judgment, could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when executive branch officials are formulating a strategy for official action, particularly in the context of a sensitive issue such as extradition. Disclosure of the withheld information would foreseeably harm the executive branch's deliberative process by impeding the ability of responsible executive branch officials to formulate and carry out executive branch policies and actions concerning legal matters, including extraditions, by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action. This foreseeable harm is particularly heightened in the context of foreign affairs, where the U.S. Government's official position on a certain subject may implicate, or even negatively affect, its relationships with other countries. If non-final recommendations or opinions on foreign affairs issues are released, it may cause international confusion about the United States stance on these issues and harm relations with the affected countries.} |

The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released.

| | | | | | | |
|---|---|---|---|---|---|---|
| (34)[6] | | | | | | |
| A-00000330393 | Email | 1 | 6/24/2020 | State Department Officials | RIP | (b)(7)(A) |

**DESCRIPTION**: This document is an email between two State Department officials which contains a brief mention to a separate document relating to the ongoing U.S. effort to obtain custody of Tamimi.

The Department withheld portions of this document pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), which protects records or information compiled for law enforcement purposes, the disclosure of which would reasonably be expected to interfere with enforcement proceedings. The referenced document (the name of which was withheld) relates to the U.S. government's efforts to extradite Tamimi from Jordan to the United States in connection with its criminal case against her related to her alleged participation in a 2001 suicide bomb attack in Israel that resulted in the death of U.S. nationals. The premature release of information related to that effort could reasonably be expected to interfere with ongoing law enforcement investigations and the ongoing efforts to obtain custody of Tamimi. Specifically, disclosure of the information could compromise the United States ability to work cooperatively with the Jordanian Government to obtain custody of Tamimi.

---

[6] This document was produced as document (5) on the Department's supplemental *Vaughn* index, filed 12-13-2024.

*Roth v. U.S. Dept of State*
*Civil Action No. 20-3838*
*Vaughn Index*

| Doc No. | Doc. Type | Pages | Date/Date Range | Author(s)/Recipients(s) | Review Result | Exemption(s)[1] |
|---|---|---|---|---|---|---|
| The Department has conducted a line-by-line review of this document and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released. | | | | | | |