UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIMET ROTH, et al., **)**<br>**)**<br>Plaintiffs, **)**<br>**)**<br>v. **)**<br>**)**<br>UNITED STATES DEPARTMENT OF **)**<br>STATE, **)**<br>**)**<br>**)**<br>Defendants. **)**<br>**)** | Case No. 20- 3838 (ABJ) |

## <u>DECLARATION OF CHRISTINA BUTLER</u>

I, Christina Butler, declare the following to be true and correct:

1.    I am the Chief of the Freedom of Information Act ("FOIA")/Privacy Act ("PA") Unit in the Office of Enforcement Operations in the Criminal Division of the United States Department of Justice (the "Department"). I have held this position since April 2023. I have been employed as an attorney with the Department since 2015.

2.    In my official capacity, I supervise fourteen employees within the Criminal Division, FOIA/PA Unit. I am responsible for, among other things, supervising and reviewing the handling of the FOIA and PA requests processed by the Criminal Division, FOIA/PA Unit, including those that are the subject of litigation. Additionally, I am responsible for, among other things, providing litigation support and assistance to Assistant United States Attorneys and Civil Division Federal Programs Branch Trial Attorneys who represent the Criminal Division in lawsuits filed in federal court under the FOIA and/or the PA stemming from requests for Criminal Division records.

3.      Due to the nature of my official duties, I am familiar with the procedures followed by the Criminal Division in responding to consultation requests from Executive Branch agencies pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the PA, 5 U.S.C. § 552a. Specifically, I am familiar with the FOIA request submitted by Plaintiff to the U.S. Department of State that is at issue in this litigation.

4.      I make the statements herein on the basis of personal knowledge, as well as on information provided to me by U.S. Department of State ("State") personnel with knowledge of the handling of Plaintiff's FOIA request, personnel within the Criminal Division with knowledge regarding the subject of the request, review of the remaining document at issue in this case – Document 20, and information acquired by me in the course of performing my official duties in the FOIA/PA Unit.

5.      On March 30, 2026, this Court issued an order granting in part and denying in part the Defendant's Motion for Summary Judgment. *See* ECF No. 64 ("Opinion and Order"). The Court requested that State "reconsider its decision to withhold" Documents 17, 18, and 20.  I understand that State has released Documents 17 and 18, and Plaintiff is satisfied with those productions.  After careful reconsideration and consultation with the Department, Defendant continued to withhold Document 20.  The Court ordered Defendant to "supplement its showing that disclosure could reasonably be expected to interfere with that aspect of the law enforcement proceeding, and that the agency reasonably foresees that disclosure would harm an interest protected."

6.      This declaration is being filed pursuant to this Court's Opinion and Order, to supplement the record showing that disclosure of the portion of Document 20 withheld pursuant

to FOIA Exemption 7(A) could reasonably be expected to interfere with ongoing law enforcement proceedings.  *See* ECF No. 64.

### Document 20 – Exemption 7(A)

7.      The Court's Opinion and Order invited the government to supplement the record with additional information pertaining to how disclosure of Document 20, given the passage of time, could interfere with a law enforcement proceeding.  *See* Opinion and Order at 21.

8.      As previously presented by State, *see* Timothy J. Kootz declaration dated October 28, 2024 ("Kootz Decl.," ECF No. 50-3), and second declaration dated January 24, 2025 ("Second Kootz Decl.," ECF No. 56-1), Document 20 was withheld in part pursuant to Exemption 7(A) because disclosure of the information could reasonably be expected to interfere with an ongoing criminal investigation and continuing efforts to secure the presence of Ahlam Aref Ahmand Al-Tamimi ("Tamimi") in the United States.  *See* Kootz Decl. ¶¶ 34-36, Second Kootz Decl. ¶¶ 8-11, and *Vaughn* Index, ECF No. 50-4.

9.      Document 20 is an e-mail that contains dates, actions, and outcomes of United States government's past engagement with the Government of Jordan about Tamimi.  Notwithstanding the age of the email, the release of this information would damage current and ongoing enforcement proceedings.  As with the pursuit of any fugitive, the government is routinely engaged in highly sensitive and classified efforts to affect the return of defendants, and these efforts may take years, given the facts of any particular case.  Further, the prosecution remains open, and the United States government is continuing to engage in active discussions about Tamimi.  Release of the information about past engagements would impair its credibility with its international partners and harm ongoing proceedings about Tamimi.  Accordingly, past investigative efforts may affect ongoing and future efforts.

10.    Because disclosure of Document 20 would irreparably harm the United States government's law enforcement interest, I respectfully request that, if the Court finds the information provided in this public filing insufficient to determine if such a release could interfere with a law enforcement proceeding, the Court allow us to provide additional details *in camera* and *ex parte* prior to any order requiring disclosure.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Christina Butler

Executed this 22 day of May 2026