**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| FRIMET ROTH and ARNOLD ROTH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-3838 (ABJ) |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO DECLARATION OF CHRISTINA BUTLER**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

I.     The Butler Declaration Fails to Cure the Deficiencies Identified by the Court.................. 1

II.    The Request for Ex Parte Review Should be Denied. ......................................................... 3

CONCLUSION......................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*CREW v. U.S. Dep't of Just.*,
   746 F.3d 1082 (D.C. Cir. 2014) ................................................................................................2

*Jud. Watch, Inc. v. FDA*,
   449 F.3d 141 (D.C. Cir. 2006) ..................................................................................................4

*Judicial Watch, Inc. v. DOJ*,
   365 F.3d 1108 (D.C. Cir. 2004) ................................................................................................4

STATUTES

FOIA .........................................................................................................................................1, 4

ii

**INTRODUCTION**

Pursuant to the Court's May 22, 2026 Minute Order, Plaintiffs hereby respectfully submit the following response to the State Department's supplemental declaration and continued withholding of Document 20 under FOIA Exemption 7(A).  For the reasons set forth below and raised in Plaintiffs' Cross-Motion for Summary Judgment (ECF No. 53-1) (the "Motion"), the State Department has failed to meet its burden for proper withholding under Exemption 7(A) through the *Vaughn* indexes provided to Plaintiffs.  The government's burden is also not met through the declaration of Christina Butler, filed on May 22, 2026 (ECF No. 66) (the "Butler Declaration").  The Butler Declaration offers nothing more than the same conclusory, generalized assertions that this Court has already found insufficient.  Therefore, Plaintiffs respectfully ask the Court to grant their Motion, deny the State Department's Motion for Summary Judgment (ECF No. 50) as to Document 20, and order that Document 20 be produced.

**ARGUMENT**

I.    **The Butler Declaration Fails to Cure the Deficiencies Identified by the Court.**

In its March 30, 2026 Opinion and Order (ECF No. 64) (the "Opinion"), the Court found that the State Department's justifications for withholding Document 20 under FOIA Exemption 7(A) were "too general and too conclusory" to support an award of summary judgment in the State Department's favor, particularly given that the document is nearly ten years old.  ECF No. 64 at 20-21.  The Court specifically noted that, while the State Department was accorded deference over its representations that both the investigation and the efforts to extradite Tamimi are "ongoing," the "descriptions of the harm that could flow from releasing Jordan's initial reactions to the request for extradition now are too general and too conclusory to support an award of summary judgment in the agency's favor on this record." *Id.*  Thus, the Court ordered

the State Department to reconsider producing the document or otherwise "supplement its showing that disclosure could reasonably be expected to interfere with that aspect of the law enforcement proceeding, and that the agency reasonably foresees that disclosure would harm an interest protected by the exemption." *Id.* at 21. Despite this clear directive, the Butler Declaration provides nothing more than the same conclusory explanations for the withholding already provided in the *Vaughn* index and which the Court found insufficient.

The Butler Declaration does not satisfy the State Department's burden to explain what actual harm could come from releasing Document 20. Instead, the Butler Declaration merely restates what was already known: that Document 20 is "an e-mail that contains dates, actions, and outcomes of the United States government's past engagement with the Government of Jordan about Tamimi." ECF No. 66 ¶ 9. The Butler Declaration then asserts, in wholly conclusory fashion, that "the release of this information would damage current and ongoing enforcement proceedings." *Id.* But this is precisely the type of vague, generalized assertion that this Court already rejected, citing binding circuit precedent requiring the government to demonstrate how disclosure will interfere with enforcement proceedings, rather than merely asserting interference is possible. ECF No. 64 at 21; *CREW v. U.S. Dep't of Just.,* 746 F.3d 1082, 1098 (D.C. Cir. 2014) (finding "it is not sufficient for the agency to simply assert that disclosure will interfere with enforcement proceedings; it must rather demonstrate how disclosure will do so.").

The Butler Declaration states that the withholding is proper because "the government is routinely encouraged in highly sensitive and classified efforts to affect the return of defendants, and these efforts may take years, given the facts of any particular case." ECF No. 66 ¶ 9. This language speaks in generalities about fugitive cases as a category but says nothing about how the release of this *particular* document—containing a timeline of past engagements with Jordan

which occurred nearly a decade ago—would interfere with any specific, ongoing efforts to extradite Tamimi.  The Butler Declaration further asserts that "[r]elease of the information about past engagements would impair its credibility with its international partners and harm ongoing proceedings about Tamimi." *Id.*   The events underlying Tamimi's prosecution occurred over two decades ago, and the events within the timeline necessarily predate March 2017.  Yet, the Butler Declaration makes no effort to explain why a document of such vintage would impair its credibility or how it could pose the kind of concrete risk of harm necessary to justify withholding under Exemption 7(A), despite the Court expressly flagging this concern in its Opinion.  ECF No. 64 at 20-21.

## II.        **The Request for Ex Parte Review Should be Denied.**

The Butler Declaration concludes by requesting that, if the Court still finds the record insufficient, the government be allowed to "provide additional details *in camera* and *ex parte* prior to any order requiring disclosure." ECF No. 66 ¶ 10.  This request should be denied.

The Court already granted the State Department the opportunity to supplement the record and further explain its withholdings.  ECF No. 64 at 21.  Given that the government was given a second opportunity to justify its withholding of Document 20, and it was unable to articulate how the disclosure could impact its investigation into Tamimi, the appropriate remedy is not to afford the government yet another opportunity to explain itself in secret—it is to order disclosure.  The government has now had two full rounds of briefing, two declarations from Deputy Assistant Secretary Timothy J. Kootz, and the supplemental Butler Declaration to make its case, and it has failed to do so.  Permitting the State Department to supplement its showing yet again, this time *ex parte*, would effectively give the government an unlimited number of attempts to justify its withholding, contrary to the principle that FOIA exemptions must be "narrowly construed."

3

*Judicial Watch, Inc. v. DOJ,* 365 F.3d 1108, 1113 (D.C. Cir. 2004).  Moreover, an *ex parte* submission would deprive Plaintiffs of the ability to further challenge the government's justification for withholding which defeats the purpose that the *Vaughn* index requirement is designed to serve. *See Jud. Watch*, *Inc. v. FDA,* 449 F.3d 141, 148 (D.C. Cir. 2006) (explaining that the function of the *Vaughn* index is to "facilitate[] litigant challenges and court review of the agency's withholdings.").

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully submit that the Butler Declaration does not satisfy the Court's directive.  The Butler Declaration offers nothing more than the same conclusory assertions that the Court already found to be insufficient and does not meaningfully address the temporal concerns raised by the Plaintiffs and the Court.  Plaintiffs respectfully request that the Court grant Plaintiffs' Cross-Motion for Summary Judgment with respect to Document 20 and order Defendant to produce Document 20 without the Exemption 7(A) redactions.

Respectfully submitted,

By:     */s/ Margaret A. Dale*
        Margaret A. Dale *(pro hac vice)*
        Proskauer Rose LLP
        11 Times Square
        New York, New York 10036
        mdale@proskauer.com
        hcarneiro@proskauer.com
        Tel: (212) 969-3315
        Tel: (212) 969-3993

        Marielle T. LaBerge *(pro hac vice)*
        Proskauer Rose LLP
        One International Place
        Boston, MA 02110
        mlaberge@proskauer.com
        Tel: (617) 526-9628

4

*/s/ Guy G. Brenner*
Guy G. Brenner
D.C. Bar No. 491964
Proskauer Rose LLP
1001 Pennsylvania Ave., N.W.
Suite 600 South
Washington, D.C. 20004-2533
gbrenner@proskauer.com
Tel: (202) 416-6830

*Attorneys for Plaintiffs Frimet and Arnold Roth*