**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
FRIMET ROTH, *et al.*,                  )
                                        )
                Plaintiffs,             )
                                        )
        v.                              )        Civil Action No. 20-3838 (ABJ)
                                        )
DEPARTMENT OF STATE,                    )
                                        )
                Defendant.              )
_____)

## ORDER

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Court issued a Memorandum Opinion on March 30, 2026 [Dkt. # 64] in which it **GRANTED** defendant's motion for summary judgment in part with respect to documents 1–16, 19, and 21–34 and **DENIED** plaintiffs' cross-motion for summary judgment as to those documents. The Court reserved ruling on defendant's withholding of documents 17, 18, and 20 under Exemption 7(A) and **ORDERED** defendant to file to supplement its showing that disclosure of the documents could reasonably be expected to interfere with and cause harm to law enforcement proceedings, in particular, the efforts to extradite Ahlam Al-Tamimi which the defendant had asserted were ongoing. Ex. A to Mem. in Supp. of Def.'s Mot. for Summ. J. [Dkt. # 50-3] ("Kootz Decl.") ¶¶ 35–36. On April 15, 2026, defendant filed a consent motion for an extension of time to file its supplemental declaration [Dkt. # 65]. It explained that it expected to provide the three documents – documents 17, 18, and 20 – to plaintiffs with partial redactions and that plaintiffs would have time to review the documents and inform it as well as the Court whether they were satisfied. The Court granted the motion. Min. Order (Apr. 15, 2026).

1

On May 22, 2026, defendant filed the declaration of Christina Butler, Chief of the Freedom of Information Act ("FOIA")/Privacy Act ("PA") Unit in the Office of Enforcement Operations in the Criminal Division of the United States Department of Justice (the "Department") [Dkt. # 66]. The declaration informed the Court that documents 17 and 18 had been released to plaintiffs and that they were satisfied with those productions.  With regard to document 20, Ms. Butler stated that after "careful reconsideration and consultation with the Department, Defendant continued to withhold Document 20" pursuant to FOIA Exemption 7(A), and that disclosure of the document "would damage current and ongoing enforcement proceedings."  The declaration  concluded by requesting that if the Court continued to find the record to be insufficient, the government be permitted "to provide additional details *in camera* and *ex parte* prior to any order requiring disclosure."

In light of defendant's declaration, the Court issued a minute order giving plaintiffs the opportunity to submit a response by June 5, 2026 if they were not satisfied that the government had made the necessary showing.  Min. Order (May 22, 2026).  On June 5, 2026, plaintiffs filed their response [Dkt. # 67] to the government's declaration, arguing that Ms. Butler's declaration was conclusory and did not satisfy the State Department's burden to explain what actual harm could come from releasing document 20.  Plaintiffs further requested that the Court deny defendant's request for *ex parte* review of any additional material.

Notwithstanding plaintiffs' objection, on June 8, 2026, the Court authorized the government to file the proffered additional material *in camera* and *ex parte* by June 22, 2026.  Min. Order (June 8, 2026).

After having reviewed the additional material, the Court is satisfied that document 20 was properly withheld under the claimed exemption.

Accordingly, pursuant to Federal Rule of Civil Procedure 56 and 58 and for the reasons stated in the Court's March 30, 2026 Memorandum Opinion as well as this Order, it is hereby **ORDERED** that defendant's motion for summary judgment is **GRANTED IN PART**, and judgment is entered in favor of the defendant with respect to documents 1–16, 19, and 20–34, and that plaintiffs' cross-motion for summary judgment is **DENIED** as to those documents.  The parties' cross-motions for summary judgment with respect to documents 17 and 18 are hereby denied as **MOOT**.

This is a final appealable order.

AMY BERMAN JACKSON
United States District Judge

DATE:  June 24, 2026